[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff in this action owns the premises known as 355 Fairfield Woods Road in Fairfield, Connecticut. The defendant owns the premises the known as 371 Fairfield Woods Road, Fairfield, Connecticut, which abuts the plaintiff's property at a westerly boundary. The defendant Stephen C. Bombero, Sr. 
Associates, surveyors, conduct a survey on his premises in 1996 which indicated that the boundary line between the two properties bisected the plaintiff's driveway. The plaintiff is in the process of selling her property and instituted this action to address the boundary line dispute between the parties.
The plaintiff commenced suit by complaint dated March 12, 1997, which was served on the defendant by abode service on March 19, 1997. On April 19, 1997, plaintiff filed a motion for default for failure to appear, which was granted by this court on May 30, 1997.
Trial of this matter before the court occurred on November 21, 1997, during which hearing the plaintiff testified regarding the use of her land, the ownership of her property and the use of her driveway. Pictures of the plaintiff's driveway and the stone wall which borders it on the western most border of the plaintiff's property were admitted into evidence. Plaintiff also had a title searcher testify as an expert witness. The title searcher testified that his examination of the title revealed that the plaintiff was the current owner of the premises known as 355 Fairfield Woods Road and that the defendant was the current owner of the premises known as 371 Fairfield Woods Road, the adjoining parcel. The court instructed the plaintiff to obtain additional evidence regarding the actual location of the boundary line and a determination as to whether the property descriptions found in the deed to the plaintiff for the premises included the driveway.
The court again heard this matter on December 22, 1997, at CT Page 1448 which time the plaintiff offered the testimony of Gregory H. Pidluski of Fuller Co., Inc., a surveyor. Mr. Pidluski testified regarding his examination of the chain of title documents and the location of the boundary line between the properties. His opinion was that the plaintiff owned the driveway and that the boundary line followed the stone wall found on the western side of the plaintiff's property.
Based upon the evidence before the court, the court finds that the plaintiff's driveway is wholly within the boundaries of her property.
Specifically, the survey prepared by Mr. Pidluski indicates that the plaintiff's westerly boundary is demarcated by a stone wall and that all property east of that stone wall, including the plaintiff's driveway, is the plaintiff's property.
The court must now determine whether plaintiff has the right to remove markers within the driveway boundaries on her property placed there by the defendant's surveyor because they have been improperly placed.
 "Where the owner of land with right to immediate possession uses force in the exercise of his right to enter or retake possession, the question of his liability has been variously determined, and many authorities hold that title and right of possession is a good defense to a forcible entry by the owner of the land on one holding possession; and under this view expulsion of wrongful occupants, . . ., has been upheld; and, likewise, the owner may, with such force as is necessary, remove structures wrongfully built on the land."
87 C.J.S. Trespass § 44 (1954).
Since the court has determined that the plaintiff owns the land on which said markers have been placed, any markers so placed by the defendant's surveyor constitutes a trespass and may be removed by the plaintiff.
Therefore, exercising its equitable powers, the court sets the westerly boundary line of the plaintiff's property as the stone wall to the west of the plaintiff's driveway as shown on the "Plan of Boundary Survey of Property in Fairfield, CT Page 1449 Connecticut, Prepared for: Carolyn H. Davis by Gregory H. Pidluski." The map is dated December 6, 1996.
The court further authorizes the plaintiff to remove the markers placed by the defendant's survey that are presently within the boundaries of her driveway; however, said removal must occur not less than four (4) months from the date of this judgment pursuant to Practice Book § 377. Said section provides that if the defendant files a motion to set aside or reopen the default judgment against him within the four month period required by Practice Book 377, the plaintiff would be precluded from removing the markers until a judicial determination of that motion.
SKOLNICK, J.